UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CORWIN FORKNER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>　　　　Defendants. | Case No. 2:24-cv-00992-JAD-EJY<br><br>**ORDER** |

　　　　On May 28, 2024, Plaintiff submitted an incomplete application to proceed *in forma pauperis* ("IFP") together with a Civil Rights Complaint under 42 U.S.C. § 1983. ECF Nos. 1, 1-1. Plaintiff also filed a Motion for Appointment of Counsel. ECF No. 1-2.

　　　　Plaintiff's IFP fails to include his inmate financial certificate and trust fund account statement for the previous six-month period. Even if Plaintiff has not been in the custody of the Nevada Department of Corrections ("NDOC") facility a full six-month period, Plaintiff must submit his inmate financial certificate and trust fund account statement for the dates he has been at an NDOC facility. 28 U.S.C. § 1915(a)(2); Local Rule LSR 1-2.

　　　　Plaintiff's Motion seeking appointment of counsel fails for two reasons. First, as a civil litigant, Plaintiff has no right to counsel. *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Second, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983). Until such time as Plaintiff files a complete IFP and his Complaint is screened, Plaintiff cannot demonstrate exceptional circumstances applicable to his case.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice.

IT IS FURTHER ORDERED that on or before **July 30, 2024**, Plaintiff must either pay the $405 filing fee for a civil action or file with the Court: (1) a complete **Application to Proceed *in Forma Pauperis* for Inmate** on the Court's approved form; (2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.

IT IS FURTHER ORDERED that the Clerk of the Court must send Plaintiff the approved form application to proceed *in forma pauperis* for inmate along with the information and instructions for filing the same.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 1-2) is DENIED without prejudice.

IT IS FURTHER ORDERED that failure to either pay the $405 filing fee or file a complete application to proceed *in forma pauperis* on or before **July 30, 2024**, will result in a recommendation to dismiss this action **without prejudice**.  A dismissal without prejudice allows Plaintiff to file his case with the Court, under a new case number, when he is able to comply with LSR 2-1 and file a complete application to proceed *in forma pauperis* or pay the required filing fee.

IT IS FURTHER ORDERED that the Court will retain Plaintiff's Complaint (ECF No. 1-1) but will not file it at this time.

Dated this 29th day of May, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE